UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL L. DECKER,

                                        Plaintiff,

        vs.                                                        9:09-CV-239
                                                                   (TJM/ATB)

MICHAEL F. HOGAN, et al.,

                                        Defendants.

_____

MICHAEL L. DECKER, Plaintiff *pro se*

ANDREW M. CUOMO                          CHARLES J. QUACKENBUSH
Attorney General of the                  Asst. Attorney General
State of New York

ANDREW T. BAXTER, Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

        This matter was referred for Report and Recommendation by the Honorable

Thomas J. McAvoy pursuant to 28 U.S.C. § 636(b) and Local Rules NDNY 72.3(c).

The case was transferred to me on January 4, 2010, following the retirement of U.S.

Magistrate Judge Gustave J. Di Bianco.  (Dkt. No. 15).

        Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, challenging the

constitutionality of the Sex Offender Treatment Program administered at the Central

New York Psychiatric Center by the New York State Office of Mental Health.  (Dkt.

No. 1).  Presently before the court is defendants' motion to dismiss this action for

failure to notify the court of a change of address and for failure to prosecute. (Dkt. No.

17).  For the following reasons, this court agrees with defendants and will recommend

dismissal of the complaint.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699, 1996 U.S. Dist. LEXIS 4782 (N.D.N.Y. April 10, 1996) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties . . . will be conducted principally by mail.").  Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes.  *See Ealy v. Superintendent of Groveland Corr. Facility*, 680 F. Supp. 2d 445, 448 (W.D.N.Y. 2009) (failure by *pro se* petitioner to update his address "is no small matter").  "Dismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'"  *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d. Cir. 2009) (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1996).

"The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***."  *Dumpson v. Goord*, 2004 U.S. Dist. LEXIS 14317, at *8, 2004 WL 1638183 (W.D.N.Y. July 22, 2004) (emphasis added).  Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

2

The Second Circuit has held that generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal; and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

Plaintiff filed this action on February 27, 2009. (Dkt. No. 1). Senior Judge McAvoy's order dated March 26, 2009, specifically warned plaintiff of the possibility of dismissal for failure to *promptly* notify the court and all parties or their counsel of *any* change of address. (Dkt. No. 5 at 4). The court issued a pre-trial scheduling order on October 13, 2009. (Dkt. No. 14). In that order, the deadline for discovery was set for February 6, 2010, and the deadline for dispositive motions was set for May 7, 2010.

On January 4, 2010, this case was assigned to me upon the retirement of Magistrate Judge Gustave J. Di Bianco pursuant to an order of Chief District Court Judge Norman A. Mordue. (Dkt. No. 15). The order reassigning this case was served on plaintiff at the Central New York Psychiatric Center—the last address that plaintiff had provided to the court. On January 8, 2010, the order was returned as "undeliverable" because plaintiff "went home." (Dkt. No. 16). On February 17, 2010, defendants made this motion to dismiss for failure to prosecute. (Dkt. No. 17). Plaintiff has not responded to the motion.

Plaintiff was clearly warned in the filing order in this case that the failure to notify the court and defendants of a change of address would result in the dismissal of this action. (Dkt. No. 5).  There is no indication that plaintiff did not receive the order or the warning.  Although plaintiff may not have received defendants' motion to dismiss, this was due to plaintiff's own failure to inform the court and defendants where correspondence could be sent.  In *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997), the court dismissed the *pro se* plaintiff's lawsuit where plaintiff's failure to receive the court's order warning of dismissal was due either to plaintiff's deliberate failure to claim the letter or the failure to advise the court of plaintiff's change of address.

It appears that plaintiff has abandoned this action.  Defendants will certainly be prejudiced by any further delay.  There is no issue of court congestion in this action. However, in reviewing the file in this action, the court notes that plaintiff is a registered sex offender, who has been required to provide an address to New York State.  The address is available on the Division of Criminal Justice Services website.[1] It is not the defense counsel's responsibility to find the plaintiff, and based on the circumstances in this case and an analysis of the Second Circuit's factors, this court will still recommend dismissal of this action for failure to prosecute.  In an abundance of caution, however, the court will serve this report and recommendation on plaintiff at the last address he provided to the court, the Central New York Psychiatric Center, and at the address found on the Division of Criminal Justice Services website. Plaintiff will then have fourteen days to object to this report-recommendation if he

---

[1] http://www.criminaljustice.state.ny.us/SomsSUBDirectory/search_index.jsp.

4

wishes to pursue his action.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 17) be

**GRANTED**, and the complaint be **DISMISSED FOR FAILURE TO NOTIFY THE**

**COURT OF HIS CHANGE OF ADDRESS AND FOR FAILURE TO**

**PROSECUTE**; and it is further

**ORDERED**, that the clerk shall serve a copy of this Order and Report-

Recommendation on plaintiff at the address on the Division of Criminal Justice

Services website, 777 Gillett Road, Rochester, New York 14624, and at the last

address he provided to this court, Central New York Psychiatric Center, P.O. Box.

300, Marcy, New York 13403.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

fourteen days within which to file written objections to the foregoing report.  Such

objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO**

**THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 16, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge